IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:15-CR-153** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LIONAL MARTINEZ-OSORIA** and | : | |
| **JOSE PENA-HERRERA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Defendant Lional Martinez-Osoria ("Martinez-Osoria") moves the court pursuant to Federal Rule of Criminal Procedure 14(a) to sever the charges against him from those against his codefendants in order to preserve his constitutional and statutory right to a speedy trial. (Doc. 248). Martinez-Osoria additionally contends that his joinder with ten codefendants in a single charging document violates Federal Rule of Criminal Procedure 8(b). (Id.) Defendant Jose Pena-Herrera ("Pena-Herrera") joins in Martinez-Osoria's arguments pursuant to Rule 8(b). (Docs. 254, 267). Also pending is Martinez-Osoria's motion (Doc. 269) to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment to the United States Constitution. The court will deny both motions.

I. **Factual Background & Procedural History**

The following factual narrative derives from Martinez-Osoria's motion and Pena-Herrera's notice of joinder therein. (See Docs. 248, 254). On October 8, 2014, a package containing "a projector with a powdery substance" which later tested positive for the presence of cocaine hydrochloride was shipped from the Dominican Republic to a recipient in Lebanon, Pennsylvania. (Doc. 248 ¶ 15). The recipient

became a confidential informant and advised agents that he had received instructions to deliver the package to an individual known to him as Andres, later identified as codefendant Christian Rivera-Rios ("Rivera-Rios"), at 1347 Monument Street in Lebanon, Pennsylvania. (Id. ¶¶ 16-17). Agents then delivered the package to 1347 Monument Street, where a female accepted the package, took it into the residence, and later placed it in an outdoor trash can. (Id. ¶¶ 18, 20). Rivera-Rios directed the informant to retrieve the package, ostensibly from the trash can, and drive toward Reading. (See id. ¶ 21). Rivera-Rios and codefendant Glauco Kelvin Celedonio-Smith ("Celedonio-Smith") met the informant and accepted the package. (Id. ¶ 23). Agents followed Rivera-Rios and Celedonio-Smith and observed them discarding the projector through the passenger window of their vehicle. (Id. ¶ 24). The agents conducted a traffic stop and arrested both men. (Id.) In a subsequent search of the vehicle, agents discovered two firearms registered to Rivera-Rios and Martinez-Osoria, respectively. (Id. ¶¶ 25-26).

Also on October 8, 2014, Department of Homeland Security ICE ("DHS") agents intercepted a parcel with an X-Box game console and accessories containing concealed cocaine. (Id. ¶ 27). DHS agents replaced the drug with sham cocaine and arranged for a controlled delivery of the parcel. (Id. ¶¶ 29-30). Codefendant Yefries Guillen-Herrera ("Guillen-Herrera") accepted the package and quickly delivered it to codefendants Felix Rodriguez-Pabon ("Rodriguez-Pabon"), Nelson Martinez ("Martinez"), and Wilson Herrera ("Herrera"). (Id. ¶¶ 30-32). That trio then left the location of the exchange and traveled to 1615 Hancock Boulevard in Reading, Pennsylvania. (See id. ¶¶ 33-36). Agents received notification that the X-Box

console had been opened as they arrived at 1615 Hancock Boulevard.  (See id. ¶ 37).  Rodriguez-Pabon, Martinez, and Herrera attempted to flee, but all three men were arrested and taken into police custody.  (Id. ¶¶ 37-38).  Guillen-Herrera was arrested later that same day.  (Id. ¶ 39).  Upon conducting a search of the residence at 1615 Hancock Boulevard, agents discovered, *inter alia*, paperwork believed to be associated with Martinez-Osoria, pieces of mail and travel documents for codefendant Luis Beato-Herrera ("Beato-Herrera"), mail and other documents bearing Rivera-Rios' and Herrera's names, and court paperwork for Celedonio-Smith.  (Id. ¶ 40).  Agents also discovered another X-Box carton and a plastic cover for an X-Box console in the home and allege that they found Martinez-Osoria's fingerprint on the inside surface of the console cover.  (Id.)

In November of 2014, an undercover detective investigating drug trafficking in Reading purchased cocaine and heroin from an individual known as "Joseph," later identified as Pena-Herrera.  (Id. ¶¶ 42-44).  The detective purchased five grams of cocaine and five grams of heroin from Pena-Herrera in two separate transactions on November 10, 2014, and another five grams of cocaine in a single transaction on November 12, 2014.  (Id. ¶¶ 43-44; see Doc. 254 ¶ 8).  For each of these purchases, agents observed Pena-Herrera travel to 630 Tulpehocken Street in Reading and meet with Beato-Herrera.  (Doc. 248 ¶¶ 44-45; Doc. 254 ¶¶ 9-10).  Agents executed a search warrant at the 630 Tulpehocken Street address on November 13, 2014.  (Doc. 248 ¶ 46; Doc. 254 ¶ 11).  During the search, law enforcement arrested Beato-Herrera and codefendant Wilfreddy Perez ("Perez").  (Doc. 248 ¶ 48; Doc. 254 ¶ 11).  Agents found and seized heroin, cocaine, drug paraphernalia, cell phones,

3

ammunition, and several firearms from the residence. (Doc. 248 ¶ 47; Doc. 254 ¶ 12). Pena-Herrera was not present at the time of the search and was not arrested until July 30, 2015. (Doc. 248 ¶¶ 48-49).

On June 5, 2015, law enforcement in Harrisburg, Pennsylvania observed Martinez-Osoria and codefendant John Doe picking up a controlled delivery of representative cocaine. (See id. ¶¶ 55, 57-58). Martinez-Osoria drove the vehicle "at a high rate of speed" to Hazleton, Pennsylvania, where John Doe exited the vehicle "with something in his hand." (Id. ¶¶ 59-60). A female passenger then entered the vehicle, and Martinez-Osoria drove her to 121 West Fifth Street in Hazleton, where she and Martinez-Osoria entered a residence. (See id. ¶¶ 60-61). During a "knock and announce" commenced shortly thereafter, Martinez-Osoria informed officers "that he had just picked up his girlfriend from a beauty salon and [taken] her home." (Id. ¶¶ 62-63). Martinez-Osoria was not arrested at that time. (Id. ¶ 63). Officers executed an arrest warrant for Martinez-Osoria and a search warrant for the 121 West Fifth Street residence on July 7, 2015, during which authorities seized a handgun and ammunition, $4,842 in cash, and a hydraulic kilogram press. (Id. ¶¶ 64-65).

On July 22, 2015, a federal grand jury returned a five-count indictment against eleven defendants, including Martinez-Osoria and Pena-Herrera. (Doc. 1). The indictment charges all defendants in Count I with conspiracy to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride. (Id.) It further charges Martinez-Osoria in Count III with attempted possession with intent to distribute 500 grams or more of cocaine

hydrochloride.  (Id.)  Martinez-Osoria appeared before Magistrate Judge Susan E. Schwab for an initial appearance and arraignment on July 30, 2015, at which time he pled not guilty and was ordered detained pending trial.  (Docs. 43, 45). Pena-Herrera appeared before Judge Schwab the next day, pled not guilty, and was released on pretrial supervision.  (Docs. 57, 59).  Trial was set for October 5, 2015. (Docs. 44, 58).

The trial date has been continued five times since the initial scheduling orders issued in this matter.  On September 18, 2015, the court granted Celedonio-Smith's motion to continue trial to December 7, 2015.  (Doc. 184).  The court found that the ends of justice served by the continuance—to wit, remedying a scheduling conflict to preserve continuity of counsel—outweighed the interests of the public and defendants in a speedy trial.  (Id.)  Martinez-Osoria and Pena-Herrera both concurred in that motion.  (See Doc. 174).  On November 16, 2015, the court continued trial for thirty days on motion of Guillen-Herrera, indicating that a continuance would allow defendants time to continue discovery review and, if elected, to pursue plea negotiations.  (See Docs. 209-10).  The court again found that the motion satisfied the ends of justice exception under the Speedy Trial Act.  (See Doc. 210).  Martinez-Osoria and Pena-Herrera concurred in Guillen-Herrera's motion.  (See Doc. 209).  On December 11, 2015, the court granted Guillen-Herrera's second motion to continue on the same grounds, setting the trial date for February 2, 2016.  (See Docs. 219, 220).  Martinez-Osoria and Pena-Herrera concurred in the second motion as well.  (See Doc. 219).

During this same time period, Martinez-Osoria moved four times, and

Pena-Herrera moved twice, for extensions of the pretrial motions deadline. (Docs. 97, 133, 165, 167, 187, 205). Martinez-Osoria filed a motion to suppress evidence on November 6, 2015, which became ripe on December 24, 2015. (Doc. 207). The court promptly reviewed and resolved the motion, granting in part and denying in part Martinez-Osoria's request by memorandum opinion dated January 4, 2016. (See Doc. 227).

On January 12, 2016, Celedonio-Smith moved to continue trial from the February 2 date, citing scheduling conflicts as the basis therefor. (See Doc. 231). All defendants except Martinez-Osoria and Rodriguez-Pabon concurred in the motion. (See id.) The court granted Celedonio-Smith's motion by order dated January 14, 2016. (Doc. 232). The court acknowledged that Martinez-Osoria and Rodriguez-Pabon objected to a continuance, but concluded that neither defendant had been severed for trial and that the continuance was thus reasonable and necessary as to all defendants. (See id.) The court set jury selection and trial for April 4, 2016. (Id.)

On March 3, 2016, Martinez-Osoria filed the instant motion to sever in anticipation of a fifth defense motion to continue trial, seeking to preserve the April 4 trial date. (See Doc. 248). Pena-Herrera thereafter moved the court for leave to join in Martinez-Osoria's motion, (Doc. 254), a request that the court granted by order dated March 8, 2016. (Doc. 257). While the motion to sever was pending but not yet ripe for review, Celedonio-Smith filed a motion to continue trial, citing continued review of discovery, scheduling conflicts for multiple counsel, and plea negotiations as reasons for the requested continuance. (See Doc. 261). The court

entered an order on March 21, 2016, granting the motion to continue and slating trial to begin on June 2, 2016. (Doc. 262). Therein, the court acknowledged Martinez-Osoria's objection but noted that his case had not yet been severed, warranting a continuance as to all defendants. (See id.)

The motion to sever is now fully briefed. (Docs. 249, 254, 260, 267, 271). On March 28, 2016, counsel for Martinez-Osoria also filed a motion (Doc. 269) to dismiss the indictment on speedy trial grounds, contemporaneously with a brief (Doc. 270) in support. The court will address both pending motions herein.

## II. Discussion

### A. Motion to Sever

The federal judicial system strongly prefers that defendants who are indicted together be tried jointly. Zafiro v. United States, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)); see also United States v. Lore, 430 F.3d 190, 204-05 (3d Cir. 2005). The Third Circuit Court of Appeals has explained that this joinder policy "promote[s] efficiency and serve[s] the interest of justice by avoiding the scandal and inequity of inconsistent verdicts." Lore, 430 F.3d at 204-05. The Federal Rules of Criminal Procedure reflect this liberal joinder policy. See FED. R. CRIM. P. 8, 14.

Rule 8(b) allows the government to charge two or more defendants in the same charging document "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Rule 8(b) does not require that all defendants be charged in all counts for joinder to be proper. Id.; see United States v. Eufrasio, 935

7

F.2d 553, 567 (3d Cir. 1991). When all defendants are alleged to have participated in a single criminal conspiracy, a joint trial on the conspiracy charge and substantively related counts "aid[s] the finder of fact in determining the full extent of the conspiracy and prevent[s] the tactical disadvantage to the government from disclosure of its case." United States v. Voigt, 89 F.3d 1050, 1094 (3d Cir. 1996) (citations omitted).

Under Rule 14, the trial court may sever properly joined defendants when joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). A court will sever charges for trial "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539; United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005). The mere fact that the government may introduce evidence of other crimes against one defendant does not entitle a codefendant to a severance. See United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992). Indeed, even when "the evidence against one [defendant] is more damaging than that against another," the Third Circuit Court of Appeals favors a joint trial. United States v. Ward, 793 F.2d 551, 556 (3d Cir. 1986); see Lore, 430 F.3d at 205 (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)).

A defendant seeking a severance faces a "heavy burden." Urban, 404 F.3d at 775; United States v. Avila, 610 F. Supp. 2d 391, 397 (M.D. Pa. 2009). To obtain a severance, a defendant must demonstrate prejudice so clear and substantial as to result in an unfair trial. See United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010) (quoting McGlory, 968 F.2d at 340). Clear and substantial prejudice exists when a

jury would be unable "to compartmentalize the evidence as it relates to separate defendants." United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005); Avila, 610 F. Supp. 2d at 397 (quoting Lore, 430 F.3d at 205). Even when a defendant succeeds in establishing prejudice, the decision whether to sever the defendant's case rests in the sound discretion of the trial court. See Zafiro, 506 U.S. at 538-39; see also Lore, 430 F.3d at 204-05.

In the matter *sub judice*, Martinez-Osoria advances two grounds for severance: first, he contends that the indictment improperly joins him with his codefendants under Rule 8(b);[1] and, second, he asserts that the counts against him must be severed for trial under Rule 14(a) because any further delay associated with his codefendants' cases will severely prejudice his right to a speedy trial. Pena-Herrera joins in only the first of Martinez-Osoria's arguments. The court will address each ground for relief *seriatim*.

### 1. *Propriety of Joinder*

Martinez-Osoria and Pena-Herrera contend that the substantive allegations against them are not part of the same series of transactions undergirding the multi-defendant conspiracy charge at Count I. The moving defendants collectively argue that this case involves multiple and separate conspiracies, not a single, overarching conspiracy as alleged in the indictment. (See Doc. 249 at 15-17; Doc.

---

[1] Martinez-Osoria cites to both Federal Rule 8(a) and Federal Rule 8(b) in his motion. Rule 8(a) pertains to joinder of offenses, rather than defendants. See FED. R. CRIM. P. 8(a). The Third Circuit Court of Appeals has held that Rule 8(a) applies only to single-defendant cases, and that the test for joinder of counts and defendants in a multi-defendant case "is merged in Rule 8(b)." United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003). Hence, Rule 8(b) controls in this matter.

9

267 at 5-7). Martinez-Osoria maintains that he is unaware "of any connection" between himself and codefendants Beato-Herrera, Perez, and Pena-Herrera, seemingly suggesting that he cannot be joined for trial to individuals with whom he is not familiar. (See Doc. 249 at 15-17). Pena-Herrera likewise contends that there is a dearth of record evidence connecting him to any codefendants other than Beato-Herrera and Perez,[2] and that his "minor role" in that trio's subconspiracy compels severance. (See Doc. 267 at 5-7). The court disagrees.

Joinder of multiple codefendants on a single conspiracy charge, and on separate but related substantive offenses, has long been sanctioned by the Third Circuit Court of Appeals. See Eufrasio, 935 F.2d at 567 (quoting Somers, 496 F.2d at 729-30); see also United States v. Lane, 474 U.S. 438, 447 (1986); United States v. Price, 13 F.3d 711, 718 (3d Cir. 1994). In United States v. Eufrasio, the Third Circuit observed that Rule 8(b) expressly authorizes joinder of different substantive offenses under the umbrella of a single conspiracy charge, stating:

> The Rule permits joinder of defendants charged with participating in the same . . . conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged as . . . acts undertaken in furtherance of, or in association with, a commonly charged . . . conspiracy.

935 F.2d at 567. Indeed, joinder of such coconspirators in a single charging document is encouraged, see Ward, 793 F.2d at 556, as the claim of conspiracy provides the requisite "common link" among defendants. Somers, 496 F.2d at 730.

---

[2] Pena-Herrera concedes that he is properly joined with both Beato-Herrera and Perez. (See Doc. 267 at 6).

In support of their joint motion, defendants cite their perceived relative lack of culpability, lack of knowledge of the full scope of the conspiracy, and alleged unfamiliarity with the conspiracy's constituent members as bases for severance. However, these arguments speak to the elements of the offense and the government's burden of proof at trial, not to the propriety of a joint indictment. The court's focus at this juncture is squarely on the indictment, not on proof and arguments to be raised at trial. See Eufrasio, 935 F.2d at 567. Upon review thereof, the court finds that the indictment sufficiently alleges that the codefendants' crimes "are . . . a single series of acts or transactions." Id.

Martinez-Osoria and Pena-Herrera do not dispute that the evidence presented against all defendants in support of the conspiracy charge, and the separate substantive charge against Martinez-Osoria, would be largely the same. Forcing separate trials when defendants are otherwise properly joined violates the spirit of Rules 8(b) and 14(a), resulting in unnecessary duplication of expense and effort on the part of both counsel and the court. See id. at 568. For all of these reasons, the court finds that joinder of Martinez-Osoria and Pena-Herrera together with their codefendants is proper under Rule 8(b).

### 2. *Prejudice*

Martinez-Osoria separately contends that failure to sever his case for trial will jeopardize his constitutional and statutory right to a speedy trial.[3] (See Doc. 249 at 13-15). Martinez-Osoria filed his motion to sever on March 3, 2016, in anticipation of a codefendant's motion to continue the trial date, then set for April 4, 2016. (See id. at 3). Martinez-Osoria sought to preserve the April 4 trial date and proceed to trial forthwith. (Id. at 3, 13-15). On March 21, 2016, with Martinez-Osoria's motion not yet fully briefed, the court continued trial as to all defendants to Monday, June 6, 2016. (Doc. 262). The court observed that Martinez-Osoria did not concur in the motion, but noted that Martinez-Osoria had not yet been severed from moving codefendants for trial. (Id.) Hence, the initial basis for Martinez-Osoria's motion—to preserve a now-continued trial date—is moot. Nonetheless, because Martinez-Osoria's concerns will apply prospectively to any future motion to continue, the court must address the merits of his prejudicial joinder argument.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. Congress enacted the Speedy Trial Act, 18 U.S.C. § 3161, to give statutory effect to the constitutional speedy trial right. Under the

---

[3] As noted hereinabove, Martinez-Osoria filed a motion (Doc. 269) to dismiss the indictment on speedy trial grounds on March 28, 2016. Pena-Herrera expressly reserved the right to file a motion under the Speedy Trial Act in the event that such an objection becomes ripe. (See Doc. 267 at 5). The court will address Martinez-Osoria's motion separately *infra*.

Act, a defendant must be brought to trial within seventy days of the filing of the indictment or the date the defendant appeared before a judicial officer of the court in which the charges are pending, whichever is later.  18 U.S.C. § 3161(c)(1).  Any delay resulting from a motion for a continuance is excludable from this time period if the court "granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  Courts undertaking the "ends of justice" inquiry are to consider myriad factors, including, *inter alia*, whether "the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  Id. § 3161(h)(6).

The Third Circuit Court of Appeals has observed that the legislative history of the Act's severance provision "illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally construed."  United States v. Novak, 715 F.2d 810, 815 (3d Cir. 1983), abrogated on other grounds by United States v. Felton, 811 F.2d 190 (3d Cir. 1987).  Circuit courts of appeal throughout the country have similarly concluded that the prevailing consideration at the Act's intersection with discretionary severance is the compelling interest in encouraging joint trials.  See, e.g., United States v. Neville, 82 F.3d 750, 763 (7th Cir. 1996); United States v. Varella, 692 F.2d 1352, 1359 (11th Cir. 1982), cert. denied, 464 U.S. 838 (1983).

This congressional endorsement of joint trials in the context of the Speedy Trial Act is entirely consistent with the federal judiciary's preference therefor.  In his motion, Martinez-Osoria identifies no prejudice other than the mere passage of

13

time and his speculation that codefendants currently in plea negotiations eventually *may* agree to testify against him. (See Doc. 270 at 7-11; Doc. 271 at 2). These assertions, without more, do not amount to the substantive prejudice contemplated by Federal Rule 14(a). Indeed, the latter assertion is purely speculative. In sum, Martinez-Osoria demonstrates no "serious risk that a joint trial would compromise a specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539; Urban, 404 F.3d at 775. The court concludes that Martinez-Osoria has not demonstrated prejudice for purposes of severance under Rule 14(a).

### B. Martinez-Osoria's Motion to Dismiss

Martinez-Osoria asserts that he has not been brought to trial within the time required under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1), (h); (see Doc. 269). Specifically, Martinez-Osoria maintains that he has been prepared for trial since January 4, 2016 and argues that the time period from February 2, 2016 to the next trial date of June 6, 2016 is not excludable from the speedy trial calculation because the continuances were not reasonable as to him. (See Doc. 270 at 7). The court's orders granting the challenged continuances found to the contrary: each acknowledged Martinez-Osoria's objection, but nonetheless determined that the circumstances compelling the subject continuance outweighed the interest of the defendants—collectively—in a speedy trial. (See Docs. 232, 262).

Moreover, Martinez-Osoria's suggestion that the delay of trial has been unreasonable neglects to recognize that much of the delay during the early stages of the case is attributable in part to his own motions. Martinez-Osoria moved four

times for an extension of the pretrial motions deadline.  (See Docs. 133, 165, 187, 205).  He also filed a pretrial motion to suppress evidence on November 6, 2015, which delayed the progression of the case through resolution of the motion on January 4, 2016.  (Docs. 227-28).  Martinez-Osoria concurred in three joint defense motions for continuance of the trial date.  (See Docs. 174, 209, 219).  Under these circumstances, and having concluded *supra* that the collective defendants are properly joined for trial, the court finds that the time from February 2, 2016 through the new trial date of June 6, 2016 is properly and reasonably excluded from the statutory period as to Martinez-Osoria.  See 18 U.S.C. § 3161(h)(6)-(7).  Hence, Martinez-Osoria's constitutional and statutory right to a speedy trial has not been violated.

### III. Conclusion

The court will deny Martinez-Osoria's and Pena-Herrera's joint motion (Docs. 248, 254) to sever and deny Martinez-Osoria's separate motion (Doc. 269) to dismiss on speedy trial grounds.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      April 5, 2016